JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ADVANCED SOFTWARE SOLUTIONS, INC.,      :    12 CIV 7181

                Plaintiff,    :

           - against -              :    No.

INFORMATION BUILDERS, INC.,             :    COMPLAINT

                Defendant.    :    JURY TRIAL DEMANDED

                                          :
----------------------------------------x

*RECEIVED SEP 24 2012 U.S.D.C. S.D.N.Y. CASHIERS*

As and for its complaint, Plaintiff Advanced Software Solutions, Inc. ("ASSI") states through its attorneys as follows:

## PRELIMINARY STATEMENT

1. Information Builders, Inc. ("IBI") and ASSI entered into an agreement which granted IBI the right to use ASSI's data models for managing data and measuring performance in the insurance industry (the "Model"). In exchange, IBI agreed to pay ASSI a fee for all software that IBI sold that used the Model or a derivative of the Model, including enhanced versions and new releases. With the assistance of ASSI, IBI incorporated the Model into its Insurance Reporting Foundation ("IRF") software, sold the software to several insurers, and paid ASSI the required fees. IBI then changed the name of its IRF software to Insurance Performance Foundation, which IBI marketed as "IPF." IBI's own industry press release acknowledged that IPF was an "upgrade" and was "previously known as" IRF. And ASSI's own inspection of the IPF software confirms that it uses ASSI's Model and/or a derivative of the Model. IBI even paid ASSI the licensing fee for its first sale of the IPF software. Upon information and belief, IBI has sold the IPF software to at least nine additional insurers, entitling

ASSI to at least $310,000 in fees. Despite repeated demands, IBI has refused to pay these fees in breach of the agreement.

## THE PARTIES

2.  Plaintiff Advanced Software Solutions, Inc. is a corporation organized under the laws of Ontario, Canada with its principal place of business at 8160 Twiss Road, Campbellville, Ontario, Canada.

3.  Upon information and belief, Defendant Information Builders, Inc. is a corporation organized under the laws of the State of New York with a principal place of business at Two Penn Plaza, New York, New York.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.  Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because IBI is located in this District. In addition, the ASSI-IBI agreement provides that any action arising out of the breach of the agreement "shall be brought in a federal or state court located in the County, City and State of New York."

## GENERAL ALLEGATIONS

### ASSI's Model and IBI's Business

6.  ASSI's principal, Hassan Yousry, has over three decades of experience working in and consulting for the insurance industry. This extensive experience has provided ASSI with tremendous insight into how insurance companies track data and measure performance. Using this expertise, ASSI developed a Model that enables insurers to analyze policies, premiums, claims, underwriting, and key performance indicators in the manner that

insurers analyze such information in order to run their business on a day-to-day basis and provides the insurers with a competitive edge. ASSI ultimately developed two versions of the Model – one that is comprehensive (called the "Enterprise Data Model") and one that is a scaled-down version (called the Insurance Reporting Foundation or "IRF" Data Model).

7.  According to its website, IBI provides businesses with software and services that enable it to better manage and analyze data and measure performance. Upon information and belief, prior to working with ASSI, IBI lacked the understanding of insurance industry business intelligence data modeling required to develop a model that permitted insurers to do what ASSI's Model enables insurers to do.

**ASSI and IBI Enter into the Agreement and IBI Initially Performs**

8.  As a result, in or around March 2005, the parties entered into a written Value Added Reseller Agreement (the "Agreement").

9.  The Agreement provided IBI with a license to use both versions of ASSI's Model, which the Agreement referred to as a "Data Model." The Agreement defined "Data Model" to include both versions of ASSI's Model "as well as any derivatives of those models developed for IBI use with or without ASSI direct assistance."

10.  In exchange, IBI agreed to pay ASSI a fee for each copy of the Data Model sublicensed by IBI to a customer. For the first 10 sublicenses, IBI agreed to pay $40,000 per license. For the second ten sublicenses, IBI agreed to pay $30,000 per license. And for each sublicense granted thereafter, IBI agreed to pay $20,000 per license.

11.  The Agreement has an initial term of ten years, and IBI promised not to "use or duplicate the Data Models [ ] for any purpose other than as specified in this Agreement or make the Data Models available to unauthorized third parties."

12. IBI incorporated ASSI's Model into IBI's software and began marketing it under the name Insurance Reporting Foundation or "IRF."

13. Between 2005 and 2009, IBI told ASSI that it sublicensed six copies of the IRF, and paid IBI $240,000 in licensing fees.

14. Upon information and belief, in late 2009, IBI began marketing the software under the name Insurance Performance Framework or "IPF."

15. IBI's own website said that IPF was an "upgrade" and "previously known as" IRF.

16. ASSI inspected IPF and concluded that it is substantially similar to IRF. IPF provides, among other things, the same structures, business context, reports, business measures, and key performance indicators as IRF. IPF contains much of the IRF content precisely because both versions are geared to service the same insurance industry and provide the same analytics and business value. IPF is fundamentally the same product as IRF. Despite IBI's attempts to conceal these similarities by changing the names of some of the labels used in the software, the substance is still the same. For example, IBI changing the IRF "Written Premium" label in the IPF version of the software to "WRTN_PREM" doesn't change the substance. In both cases, the label describes the "Premium charged by the insurer to indemnify the insured in case of a loss during the term of the agreement."

17. IPF is sufficiently similar to IRF that it would have been virtually impossible for IBI to have created IPF without using ASSI's Model as a basis. At all relevant times, IBI had access to IRF as well as ASSI's Model.

18. Upon information and belief, IPF was derived from ASSI's Model.

19. Initially, IBI acknowledged that IPF was derived from ASSI's Model: IBI paid ASSI a $40,000 fee for the first or one of the first sales of an IPF sublicense. This was precisely the fee that was required by the Agreement.

**IBI Breaches the Agreement**

20. Despite its initial implicit acknowledgement that the Agreement required IBI to pay ASSI a fee for each IPF sublicense sold, IBI has refused to pay ASSI fees for all but one of the IPF sublicenses that IBI has sold.

21. IBI's website detailed at least some of its marketing successes. The website indicated that IBI had sold nine IPF licenses. When ASSI demanded payment, IBI revised the website to show only two licenses.

22. Upon information and belief, IBI has sold at least nine IPF licenses.

23. Upon information and belief, pursuant to the Agreement, IBI owes ASSI at least $310,000 in licensing fees.

24. ASSI has repeatedly demanded payment of these licensing fees. IBI has refused to pay the fees.

## FIRST CAUSE OF ACTION
## (BREACH OF CONRACT)

25. ASSI realleges all of the paragraphs set forth above.

26. The Agreement is a valid and binding contract.

27. ASSI has performed its obligations under the Agreement.

28. IBI breached the Agreement by failing to pay ASSI the fees specified in the Agreement.

29. IBI has breached the covenant of good faith and fair dealing by frustrating ASSI's ability to participate in the Agreement and to benefit from the Agreement.

30. IBI has committed an anticipatory breach of the contract by refusing to pay fees specified in the Agreement for IPF software sublicenses that are sold in the future.

31. As of the date of this Complaint, upon information and belief, IBI's breach has caused ASSI at least $310,000 in damages.

## SECOND CAUSE OF ACTION
## (QUANTUM MERUIT)

32. ASSI realleges all of the paragraphs set forth above.

33. At the request of IBI, ASSI provided and continues to provide IBI access to its Model.

34. IBI accepted the Model provided by ASSI.

35. IBI used the Model provided by ASSI.

36. IBI and ASSI both expected that ASSI would be compensated for the Model that it provided.

37. The Model that ASSI provided and continues to provide is of high-value and IBI has caused ASSI to suffer at least $310,000 in damages by failing to compensate ASSI for the use of the Model.

## THIRD CAUSE OF ACTION
## (UNJUST ENRICHMENT)

38. ASSI realleges all of the paragraphs set forth above.

39. IBI was enriched by the Model that ASSI provided and continues to provide.

40. IBI was enriched and continues to be enriched at the expense of ASSI.

41. It is against equity and good conscience to allow IBI to retain the value of the Model provided by ASSI.

42.  ASSI has suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (PROMISSORY ESTOPPEL)

43.  ASSI realleges all of the paragraphs set forth above.

44.  On numerous occasions, IBI made clear and unambiguous promises to ASSI as to the compensation that it would receive for IBI's use of the Model.

45.  ASSI continued to permit IBI to use ASSI's Model in reliance upon these clear and unambiguous promises.

46.  IBI knew that ASSI was relying upon these clear and unambiguous promises.

47.  IBI failed to pay ASSI the compensation that IBI had promised it would pay to ASSI.

48.  ASSI has suffered significant damages in an amount to be determined at trial as a result of IBI's failure to provide the compensation that it had promised.

## FIFTH CAUSE OF ACTION
### (STATUTORY AND COMMON LAW UNFAIR COMPETITION)

49.  ASSI realleges all of the paragraphs set forth above.

50.  By the conduct alleged above, IBI has misappropriated ASSI's Model as its own original work and has caused actual confusion as to the fact that ASSI created the Model.

51.  IBI's misappropriation of Plaintiff's Model without authorization has given IBI an unfair competitive advantage because IBI has misappropriated the results of the labor, skill and expenditures of ASSI to achieve an unfair competitive commercial advantage within the insurance services market.

52. As a direct and proximate result of IBI's misappropriation that provided an unfair competitive advantage, ASSI has suffered and will continue to suffer substantial damages and loss of profits and is entitled to actual damages plus all profits, gains and advantages derived by IBI by its unfair competition to be determined at trial in an amount not less than $310,000.

### SIXTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

53. ASSI realleges all of the paragraphs set forth above.

54. The Agreement is a valid and binding contract.

55. ASSI has performed and continues to perform its obligations under the Agreement.

56. IBI breached the Agreement by failing to pay ASSI the fees specified in the Agreement.

57. ASSI is entitled to a judgment declaring that IBI has breached the Agreement – which is valid and binding – by failing to pay ASSI the required fees and, IBI is required to pay ASSI the contractual fees for future sales of IPF and other software derived from the Model.

## PRAYER FOR RELIEF

WHEREFORE, ASSI prays that this Court enter judgment in its favor and against IBI as follows:

      A.    Awarding ASSI compensatory damages in an amount to be determined at trial but believed to be not less than $310,000.

      B.    Awarding ASSI pre-judgment and post-judgment interest on such damages;

      C.    Awarding ASSI the costs of this action;

      D.    Awarding ASSI attorneys' fees;

      E.    Awarding ASSI declaratory judgment that IBI has breached a valid and binding contract with ASSI, and IBI is required to pay ASSI the contractual fees for future sales of IPF and other software derived from the Model.

      F.    Awarding ASSI such other and further relief as the Court deems just and proper.

Dated: September 24, 2012

                                MANDEL BHANDARI LLP
                                11 Broadway, Suite 615
                                New York, New York 10004
                                (212) 269-5600

                     By: _____
                                Evan Mandel

                                *Attorneys for Advanced Software Solutions, Inc.*